UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORMAN NOAH TOLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-1455-RWS |
| | ) |
| CHUCK LOTZ, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of Norman Noah Toler for leave to commence this action without payment of the required filing fee [Doc. 2]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, for the reasons set forth below, the Court will order a partial issuance in this case.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in

either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its

judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, a resident at the Southeast Missouri Mental Health Center, Sexual Offender Rehabilitation & Treatment Services ("SORTS") facility in Farmington, Missouri, seeks declaratory and injunctive relief in this action brought pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. Plaintiff names as defendants the Missouri Department of Mental Health, SORTS, and the following eleven SORTS employees: Chuck Lotz (Chaplain), Janine Semar (Chairman of the Religious Accommodations Committee and Resident Activities Coordinator), Dr. Jay Engelhart (Director of Treatment Services), Mary Tinker (Property Manager), Megan Allen (Property Co-Manager), Brenda Swift (Grievance Coordinator and Patient Advocate), David Shmitt (Chief Operations Officer), Richard Russell (Security Director), Sarah Krummel (Clinical Social Worker and "Hoctor 3 Treatment Team Member"), Sue Fishbeck (Head

Nurse and "Hoctor 3 Treatment Team Member"), and Brooke Higgins (Clinical Psychologist and "Hoctor 3 Treatment Team Member"). Plaintiff is suing defendants in both their individual and official capacities. He asserts that the Missouri Department of Mental Health receives federal funds and that he "is not in a prison, so as to be subject to the punitive restrictions of a prison environment."

Plaintiff's RLUIPA claims are for (1) failing to provide a kosher meal plan (Count I); (2) preventing his access to Hebrew materials (Count II); (3) failing to provide ritual practice items (Count III); (4) refusing to allow the use of his religious name, "Noah" (Count IV); (5) and punishing him for having and using the Hebrew language (Count V). In addition, plaintiff generally alleges that defendants acted "as part of an active conspiracy to deny [him] his rights."

More specifically, plaintiff alleges that he adheres to the Jewish faith and notified defendants of his Jewish religious preference when he arrived at SORTS in July 2014. He states that Hebrew is the language of the Jewish people, and Jewish holy writings are written in Hebrew. He claims that fluency in Hebrew is a fundamental aspect of Jewish religious exercise and that SORTS has implemented a rule that no foreign languages are permitted. In addition, plaintiff claims that SORTS "has a rule of general applicability not to provide kosher meals to Jewish offenders." Plaintiff states that since his arrival in 2014, he has been denied access

4

to a kosher diet that complies with Jewish law. Plaintiff further claims that he has been denied access to numerous other items used in practicing his faith, such as kosher wine or kosher grape juice, challah, hand-washing cups, tefillin, tzitzit, candles, and spices used to conclude the Shabbat. He states that his requests for accommodation for "Jewish religious exercise" have all been denied.

## Discussion

Section 3 of RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). "A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. 42 U.S.C. § 2000cc-2(a). By its terms, RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs. 42 U.S.C. § 2000cc-3(g).

With regard to the named defendants in the case at bar, plaintiff alleges in Count I that Swift "has ruled [his] complaints [are] 'not a patient right,'" and that Swift, Shmitt, and Engelhart have made no attempt to accommodate his requests for kosher meals. Plaintiff claims that in refusing to provide a kosher meal plan, "they have forced him to consume non-kosher food in violation of his religious beliefs." Plaintiff further claims that defendants' actions substantially burden the exercise of his faith and lack an underlying compelling governmental reason. Plaintiff's claims against defendants Brenda Swift, David Shmitt, and Jay Engelhart are sufficient to proceed at this time.

In Count II, plaintiff alleges that defendants Tinker, Allen, and Russell refused to forward Jewish religious exercise texts to the Religious Accommodations Committee to be reviewed for appropriateness. He also claims that defendants "have been hit or miss as to whether or not they allow [him] access to Hebrew language material," and that on September 10, 2015, Engelhart issued "an email directive," instructing Krummel and Higgins to confiscate all of plaintiff's "Jewish religious exercise material that contained Hebrew," which included the Jewish Bible, the Five Books of the Torah, the Book of Psalms, and the Jewish Prayer Book, as well as numerous other books plaintiff had previously received. Plaintiff also claims that, as a result of Engelhart's directive, "the recreational library was purged

of all non-English material, not only religious practice material, but also American Sign Language texts." In addition, plaintiff summarily alleges that defendants Lotz and Semar are "not qualified to evaluate Jewish religious exercise texts." Plaintiff's claims against defendants Mary Tinker, Megan Allen, Richard Russell, Sarah Krummel, Brooke Higgins, and Jay Engelhart are sufficient to proceed at this time. Plaintiff's conclusory claims against defendants Chuck Lotz and Janine Semar are legally frivolous and fail to state a claim under RLUIPA, and therefore, they will be dismissed, without prejudice.

In Count III, plaintiff states that "Jewish religious exercise is accomplished through a variety of rituals." He lists a myriad of items he claims are necessary to practicing various Jewish religious exercises and celebrations and complains that "Respondents have denied [each] request." Because plaintiff has failed to allege any facts indicating how each of the named eleven individual SORTS defendants personally participated in the alleged RLUIPA violations, his claims for the failure to provide ritual practice items will be dismissed as to the individual SORTS defendants, without prejudice, as legally frivolous and for failure to state a claims or cause of action. *Cf. Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (liability for constitutional violations arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)

("Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff's claims will, however, be allowed to proceed against defendants Missouri Department of Mental Health and SORTS.

In Count IV, plaintiff summarily asserts that "Respondents" refuse to allow him to be called "Noah" or to put "Noah" on his name badge. He does not explain how this substantially burdens and/or prevents him from practicing his Jewish faith. As such, plaintiff's claims for the refusal to allow the use of his religious name will be dismissed, without prejudice, as legally frivolous and for failure to state a claim or cause of action.

In Count V, plaintiff alleges that after he tried to send his rabbi a postcard containing Hebrew handwriting that merely said, "happy birthday," defendants Krummel, Fishbeck, and Higgins issued him a conduct violation for "Lying; Resident attempted to send post cards in a foreign language." Fishbeck allegedly told plaintiff "he would continue to be denied the Green privilege level due to his advocacy of Jewish religious exercise." Plaintiff claims that this substantially burdened the exercise of his faith, and he was punished for attempting to seek

8

accommodations. In addition, plaintiff claims that defendants Tinker, Allen, Russel, Shmitt, Engelhart, Krummel, Fishbeck, and Higgins were all involved in either confiscating the postcard and/or ordering the conduct violation, and that Engelhart "specifically ordered harsher treatment against [him], even after ordering less restrictive treatment to another SORTS resident." Plaintiff's claims are sufficient to proceed against defendants Mary Tinker, Megan Allen, Richard Russel, David Shmitt, Jay Engelhart, Sarah Krummel, Sue Fishbeck, and Brooke Higgins.

Last, plaintiff's conclusory allegations that defendants were a "part of an active conspiracy" are insufficient to support a conspiracy claim. *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993) (plaintiff must allege more than the summary allegation of a conspiracy). Plaintiff's allegations are nothing more than a "[t]hreadbare recital[] of a cause of action's elements" and are not entitled to an assumption of truth. *Iqbal*, 129 S. Ct. at 1949; *see Twombly*, 550 U.S. at 557.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Missouri Department of Mental

Health, Southeast Missouri Mental Health Center, Sexual Offender Rehabilitation and Treatment Services, Dr. Jay Engelhart, Mary Tinker, Megan Allen, Brenda Swift, David Shmitt, Richard Russell, Sarah Krummel, Sue Fishbeck, and Brooke Higgins in their individual and official capacities.

**IT IS FURTHER ORDERED** that said defendants shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that said defendants shall file a response to plaintiff's motion for a preliminary injunction [Doc. 3] no later than fifteen days after they file their responsive pleading(s) to the complaint.

**IT IS FURTHER ORDERED** that, as to defendants Chuck Lotz and Janine Semar, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Dr. Jay Engelhart, Mary Tinker, Megan Allen, Brenda Swift, David Shmitt, Richard Russell, Sarah Krummel, Sue Fishbeck, and Brooke Higgins, plaintiff's claims for the failure to provide Jewish ritual practice items (Count III) are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). These

claims are, however, sufficient to proceed against defendants Missouri Department of Mental Health and Southeast Missouri Mental Health Center, Sexual Offender Rehabilitation and Treatment Services.

**IT IS FURTHER ORDERED** that plaintiff's claims for conspiracy and for the refusal to allow him to use his religious name (Count IV) are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of February, 2016.

_____
**UNITED STATES DISTRICT JUDGE**